## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                           CASE NO. 6:24-cr- 165 - WWB-DCI

MATTHEW L. STEPHEN EASTON

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and the defendant, MATTHEW L. STEPHEN EASTON and the attorney for

the defendant, H. Kyle Fletcher, mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Information.  Count One charges the defendant with Conspiracy to Traffic

Firearms in violation of 18 U.S.C. § 933(a)(3).

2.    Maximum Penalties

Count One carries a maximum sentence of 15 years imprisonment, a

fine of $250,000, a term of supervised release of three years, and a special

assessment of $100 per felony count for individuals, and $400 per felony count

for persons other than individuals, such as corporations.  With respect to

Defendant's Initials                     1

certain offenses, the Court shall order the defendant to make restitution to any

victim of the offense(s), and with respect to other offenses, the Court may

order the defendant to make restitution to any victim of the offense(s), or to

the community, as set forth below.

3.   <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of

the offense(s) with which defendant has been charged and to which defendant

is pleading guilty.  The elements of Count One are:

<u>First</u>:   two or more persons in some way agreed to try to accomplish a shared and unlawful plan to traffic firearms, that is, to knowingly transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in and affecting interstate and foreign commerce knowing and having reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony; and

<u>Second</u>:   the Defendant knew the unlawful purpose of the plan and willfully joined in it.

4.   <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of

indictment before a federal grand jury.

5.   <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with

Defendant's Initials                     2

committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

6.     Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will

recommend to the Court that the defendant be sentenced within the

defendant's applicable guidelines range as determined by the Court pursuant

to the United States Sentencing Guidelines, as adjusted by any departure the

United States has agreed to recommend in this plea agreement.  The parties

understand that such a recommendation is not binding on the Court and that,

if it is not accepted by this Court, neither the United States nor the defendant

will be allowed to withdraw from the plea agreement, and the defendant will

not be allowed to withdraw from the plea of guilty.

7.     Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information

is received suggesting such a recommendation to be unwarranted, the United

States will recommend to the Court that the defendant receive a two-level

downward adjustment for acceptance of responsibility, pursuant to USSG

§ 3E1.1(a).  The defendant understands that this recommendation or request is

Defendant's Initials _MB_                    3

not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.   <u>Cooperation Ongoing - Substantial Assistance Motion to be Filed</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and

Defendant's Initials _____   4

complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. Based on the cooperation provided, at the time of sentencing, the government will file a motion for a departure from the applicable sentencing guideline range, pursuant to USSG §5K1.1 recommending that the defendant receive a downward departure and/or for the imposition of a sentence below a statutory minimum pursuant to 18 U.S.C. § 3553(e) for providing substantial assistance to the government in the investigation and prosecution of another person who has committed an offense. If additional cooperation is provided subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and

Defendant's Initials _MB_                    5

the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

20.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.  However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and

Defendant's Initials _ME_                    6

unreservedly disclose and provide full, complete, truthful, and honest

knowledge, information, and cooperation regarding any of the matters noted

herein, the following conditions shall apply:

(1)     The defendant may be prosecuted for any perjury or

false declarations, if any, committed while testifying pursuant to this

agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for

the charges which are to be dismissed pursuant to this agreement, if any, and

may either seek reinstatement of or refile such charges and prosecute the

defendant thereon in the event such charges have been dismissed pursuant to

this agreement.  With regard to such charges, if any, which have been

dismissed, the defendant, being fully aware of the nature of all such charges

now pending in the instant case, and being further aware of defendant's rights,

as to all felony charges pending in such cases (those offenses punishable by

imprisonment for a term of over one year), to not be held to answer to said

felony charges unless on a presentment or indictment of a grand jury, and

further being aware that all such felony charges in the instant case have

heretofore properly been returned by the indictment of a grand jury, does

hereby agree to reinstatement of such charges by recission of any order

dismissing them or, alternatively, does hereby waive, in open court,

Defendant's Initials _MB_                    7

prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the

United States, the United States may move the Court to declare this entire plea agreement null and void.

13.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 924(d), 934(a)(1)(A)-(B), and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the

Defendant's Initials _MB_                    9

time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the

defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

Defendant's Initials             11

12.   <u>Abandonment of Property</u>

The defendant acknowledges that he has an ownership interest in the following items of property that are in the lawful custody of the United States:

a.   Anderson Manufacturing, AM-15, multiple caliber machinegun frame, serial number: 21461183;

b.   MIA Arsenal, LLC, model MIA Sten MKII, 9mm machinegun frame, serial number: 7877;

c.   Taurus, PT111 G2A 9 caliber pistol, serial number: ABB295683;

d.   Taurus, PT111 G2A 9 caliber pistol, serial number: ACC611782;

e.   Taurus, PT111 G2A 9 caliber pistol, serial number: ADL936204;

f.   Taurus, PT111 G2A 9 caliber pistol, serial number: AAM158446;

g.   Taurus, PT111 G2A 9 caliber pistol, serial number: ACN737649;

h.   Glock, GMBH 19Gen5 9 caliber pistol, serial number: BSXP141;

i.   Glock, GMBH 19Gen5 9 caliber pistol, serial number: BWRV426;

j.   Glock, GMBH 45 9 caliber pistol, serial number: BSBH584;

k.   Glock, GMBH 26 9 caliber pistol, serial number: KPD771

l.   Glock, GMBH 19 9 caliber pistol, serial number: VFB123; and

m.    Glock, GMBH 19Gen5 9 caliber pistol, serial number: BXYF822.

The defendant understands that he has the right and opportunity to claim the listed property.  The defendant hereby knowingly and voluntarily waives all right, title, and interest in the listed property. The defendant waives, releases, and withdraws any claim that the defendant has made with respect to the listed property, and waives and releases any claim that the defendant might otherwise have made to the listed property in the future.

The defendant consents to the vesting of title to the listed property to the United States Government, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. The defendant also consents to the destruction of the property, or other disposition of the property in accordance with law, and without further notice to the defendant.

The defendant waives any right the defendant might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take, in its sole discretion, to carry out the abandonment, disposition, and/or destruction of the listed property. The defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and

Defendant's Initials _____    13

destruction of the listed property, including any such claim for attorney's fees and litigation costs.

The defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

**B.**     **Standard Terms and Conditions**

    **1.**     <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the

Defendant's Initials _MB_                    14

Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

    2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant

factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office

to provide to, and obtain from, the United States Probation Office, the

financial affidavit, any of the defendant's federal, state, and local tax returns,

bank records and any other financial information concerning the defendant,

for the purpose of making any recommendations to the Court and for

collecting any assessments, fines, restitution, or forfeiture ordered by the

Court. The defendant expressly authorizes the United States Attorney's Office

to obtain current credit reports in order to evaluate the defendant's ability to

satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor

bound by this agreement. The Court may accept or reject the agreement, or

defer a decision until it has had an opportunity to consider the presentence

report prepared by the United States Probation Office. The defendant

understands and acknowledges that, although the parties are permitted to

make recommendations and present arguments to the Court, the sentence will

be determined solely by the Court, with the assistance of the United States

Probation Office. Defendant further understands and acknowledges that any

discussions between defendant or defendant's attorney and the attorney or

other agents for the government regarding any recommendations by the

government are not binding on the Court and that, should any

Defendant's Initials _MB_                    17

recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    <u>Middle District of Florida Agreement</u>

Defendant's Initials _MB_                    18

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.      Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.      Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The

Defendant's Initials _MB_                    19

defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are

true, and were this case to go to trial, the United States would be able to prove

those specific facts and others beyond a reasonable doubt.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea

and no other promises, agreements, or representations exist or have been

made to the defendant or defendant's attorney with regard to such guilty plea.

13. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that

defendant fully understands its terms.

DATED this _____ day of June, 2024

ROGER B. HANDBERG
United States Attorney

_____
MATTHEW L STEPHEN EASTON
Defendant

_____
Noah P. Dorman
Assistant United States Attorney

_____
H. Kyle Fletcher
Attorney for Defendant

_____
for Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials _____                    21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 6:24-cr - 165 - WWB - DCI

MATTHEW L. STEPHEN EASTON

## PERSONALIZATION OF ELEMENTS

Beginning in or about October 2023, and continuing through in or about December 2023, in the Middle District of Florida,

First:       Did two or more persons in some way agree to try to accomplish a shared and unlawful plan to traffic firearms?

Did you knowingly transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in and affecting interstate and foreign commerce?

Did you know and have reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony?

Second:     Did you know of the unlawful purpose of the plan and willfully join in it?

Defendant's Initials _MRE_                    22

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:24-cr – 165 -WWB- DCI

MATTHEW L. STEPHEN EASTON

FACTUAL BASIS

Beginning at a time unknown but no later than June 2023, and continuing through in or about December 2023, EASTON was a federally licensed firearms dealer operating in the Middle District of Florida and Elsewhere.  EASTON held an active Type 7 manufacturer of firearms license (FFL #1-59-001-07-4E-54687) and an active Type 8 importer of firearms license (FFL # 1-59-001-08-6F-53092), under the business name MIA Arsenal, LLC.

Between October 2023 and December 2023, EASTON conspired with DERICK YAMIR PEREZ-DIAZ and others to traffic firearms in the Middle District of Florida and elsewhere.  EASTON sold PEREZ DIAZ large quantities of firearms, many of the same make, model, and caliber, knowing and having reasonable cause to believe that the use of the firearms by PEREZ DIAZ would constitute a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(l)(A).  In statements to an

Defendant's Initials                 23

undercover ATF agent, EASTON, referring to PEREZ DIAZ and others, claimed he sold more than 100 Glocks and 20 AK rifles to a group of Puerto Ricans in Orlando, Florida.  EASTON stated he believed they were taking the firearms further south to resell.  EASTON also stated one of the individuals was arrested and ATF called him to trace eight (8) of the firearms.

From October 2023 to December 2023, EASTON sold at least 107 firearms to PEREZ DIAZ.  The vast majority of the firearms EASTON sold to PEREZ DIAZ were Glock 9mm handguns, manufactured exclusively in Deutsch-Wagram, Austria, Ferlach, Austria, Bratislava, Slovakia, and Smryna, Georgia.  EASTON was aware that PEREZ DIAZ did not have a federal firearms license ("FFL") and stated to ATF agents that he was trying to show PEREZ DIAZ how to obtain an FFL.

Operating at the direction of ERNESTO VAZQUEZ and others, PEREZ-DIAZ would order large quantities of firearms from EASTON.  After EASTON confirmed the order, and using funds obtained from VAZQUEZ, PEREZ-DIAZ meet with EASTON and purchase the firearms.  After purchasing the firearms from EASTON, PEREZ-DIAZ would deliver the firearms to VAZQUEZ and others.  On multiple occasions, PEREZ DIAZ made clear to EASTON that he was not the true buyer of the firearms.  For example:

Defendant's Initials _____                    24

## October 30, 2023, Transaction

On October 30, 2023, at PEREZ-DIAZ contacted VAZQUEZ informing him that EASTON had a total of 12 Glock 17s for sale. VAZQUEZ responded that he will "grab all of them" and they agree on a price of $6600.

| | | |
|---|---|---|
| (689) 226-6716 (10/30/2023 09:27:00) | PEREZ-DIAZ | Bro my guy has another 11-17s gen 4 |
| (689) 226-6716 (10/30/2023 09:27:07) | PEREZ-DIAZ | 1-17 gen5 |
| (860) 833-5396 (10/30/2023 09:27:17) | Ernesto Vasquez | I'll grab all of them |
| (860) 833-5396 (10/30/2023 09:28:46) | Ernesto Vasquez | 6,600? |
| (689) 226-6716 (10/30/2023 09:29:11) | PEREZ-DIAZ | The gen 5 is 675 |
| (860) 833-5396 (10/30/2023 09:29:28) | Ernesto Vasquez | That's fine bro |

PEREZ DIAZ then confirmed the purchase with EASTON and PEREZ DIAZ informed EASTON that he is not purchasing the firearms for himself and that he "needs to call his guy to double check with him." PEREZ DIAZ further indicates that he is not paying for the firearms with his own funds and states "he's bringing me the rest of the cash[.]"

| | | | | |
|---|---|---|---|---|
| 10/30/2023 | 9:28:18 | (689) 226-6716 | YAMIR PEREZ DIAZ | I'll take them all 17s |
| 10/30/2023 | 9:28:54 | (689) 226-6716 | YAMIR PEREZ DIAZ | Let me call my guy to double check with him |
| 10/30/2023 | 9:31:46 | (352) 538-6077 | MATTHEW EASTON | kk awesome |
| 10/30/2023 | 9:33:01 | (689) 226-6716 | YAMIR PEREZ DIAZ | Quick question you haven't find any with out signing? |
| 10/30/2023 | 9:39:31 | (352) 538-6077 | MATTHEW EASTON | nah.. its all different brands |
| 10/30/2023 | 9:40:39 | (352) 538-6077 | MATTHEW EASTON | like springfield and stuff. all thr glocks. well most i have to get on paper |
| 10/30/2023 | 10:01:48 | (689) 226-6716 | YAMIR PEREZ DIAZ | Hey men I'm just waiting for my guy to confirm all 12 you think you can hold them for me at least in the next hour or 2 |
| 10/30/2023 | 10:03:14 | (352) 538-6077 | MATTHEW EASTON | def man. will you be able to get cash in advance on these ? |
| 10/30/2023 | 10:03:50 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yea I'm trying to buy them all at once with out getting loan this time |
| 10/30/2023 | 10:11:22 | (352) 538-6077 | MATTHEW EASTON | cool cool. i just dont like it all in the bank lol |
| 10/30/2023 | 10:34:52 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yep he confirmed he's bringing me the rest of the cash |
| 10/30/2023 | 10:35:35 | (352) 538-6077 | MATTHEW EASTON | excellent. pickup today ? |
| 10/30/2023 | 10:55:34 | (689) 226-6716 | YAMIR PEREZ DIAZ | Yes |
| 10/30/2023 | 11:01:23 | (689) 226-6716 | YAMIR PEREZ DIAZ | You think you can meet at the same spot as last time? |
| 10/30/2023 | 11:20:31 | (352) 538-6077 | MATTHEW EASTON | ya thats cool |

Defendant's Initials _NB_

At 12:15PM PEREZ DIAZ and EASTON agree to meet at 4410 SR-326 E, Ocala, Florida 34482 to transfer the firearms.  PEREZ-DIAZ arrives at 3:08PM.

| 10/30/2023 | 12:15:48 | (689) 226-6716 | YAMIR PEREZ-DIAZ | Could you meet at Ocala tho ?? |
| 10/30/2023 | 12:16:35 | (352)538-6077 | MATTHEW EASTON | 4410 SR-326 E<br>Ocala, FL 34482<br>United States |
| 10/30/2023 | 12:17:32 | (352)538-6077 | MATTHEW EASTON | hows that |
| 10/30/2023 | 12:48:26 | (689) 226-6716 | YAMIR PEREZ-DIAZ | I'm 1hour and 23min |
| 10/30/2023 | 12:49:16 | (352)538-6077 | MATTHEW EASTON | word. u on the way ?? |
| 10/30/2023 | 12:50:10 | (689) 226-6716 | YAMIR PEREZ-DIAZ | I'm 20min from this guy and then I'll start heading over |
| 10/30/2023 | 12:50:15 | (352)538-6077 | MATTHEW EASTON | kk cool |
| 10/30/2023 | 13:26:47 | (689) 226-6716 | YAMIR PEREZ-DIAZ | On my way |
| 10/30/2023 | 14:33:05 | (352)538-6077 | MATTHEW EASTON | says 3:02. ill b there |
| 10/30/2023 | 14:39:35 | (689) 226-6716 | YAMIR PEREZ-DIAZ | Sounds good I'm 30min |
| 10/30/2023 | 15:00:38 | (689) 226-6716 | YAMIR PEREZ-DIAZ | 10mins away |
| 10/30/2023 | 15:01:10 | (352)538-6077 | MATTHEW EASTON | kk. pullin up |
| 10/30/2023 | 15:08:35 | (689) 226-6716 | YAMIR PEREZ-DIAZ | It's the loves correct? |

Thereafter, EASTON sold the following firearms to PEREZ DIAZ:

1. Glock; Model 17; 9mm caliber pistol with S/N: XMU770
2. Glock; Model 17; 9mm caliber pistol with S/N: ACBL962
3. Glock; Model 17; 9mm caliber pistol with S/N: XMX456
4. Glock; Model 1; 9mm caliber pistol with S/N: BUXV817
5. Glock; Model 17; 9mm caliber pistol with S/N: BEAN634
6. Glock; Model 17; 9mm caliber pistol with S/N: BEAX957
7. Glock; Model 17; 9mm caliber pistol with S/N: BERH882
8. Glock; Model 17; 9mm caliber pistol with S/N: BERK636
9. Glock; Model 17; 9mm caliber pistol with S/N: BFZV303
10. Glock; Model 17; 9mm caliber pistol with S/N: BGYN101
11. Glock; Model 17; 9mm caliber pistol with S/N: BHAU093
12. Glock; Model 17; 9mm caliber pistol with S/N: BHBK658

## November 12, 2023 Transaction

On November 12, 2023, from approximately 12:00PM to 5:00PM VAZQUEZ and PEREZ DIAZ had several brief phone

Defendant's Initials             26

conversations.  In the preceding days VAZQUEZ and PEREZ DIAZ had

discussed purchasing 25-40 Glocks from EASTON.

At approximately 4:55PM PEREZ DIAZ texts EASTON that he is

about to head to 4410 SR-326 E, Ocala, FL 33482, and confirms an order of

25 Glocks.  Notably, PEREZ DIAZ orders 25 "for now" because VAZQUEZ

hasn't answered him about additional firearms.

| 11/12/2023 | 16:55:09 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | Hey boss I'm about to head over there in a few |
| 11/12/2023 | 16:55:41 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | excellent man. thanks alot. where u heading? |
| 11/12/2023 | 16:55:48 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | 4410 SR-326 E Ocala, FL 34482 United States |
| 11/12/2023 | 16:55:51 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | Here? |
| 11/12/2023 | 16:56:27 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | alright cool |
| 11/12/2023 | 17:18:54 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | gotta eta? |
| 11/12/2023 | 17:46:51 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | was it the 25 or the extra 5 aswell |
| 11/12/2023 | 17:47:31 | NATIVE MESSAGES | DERRICK PEREZ DIAZ | (689) 226-6716 | The 25 for now cuz he haven't answers me about the extra ones |
| 11/12/2023 | 17:47:40 | NATIVE MESSAGES | MATTHEW EASTON | (352) 538-6077 | kk |

PEREZ-DIAZ then met with EASTON at 4410 SR-326 Ocala, FL 34482

around 8:00 pm.  EASTON sold the following firearms to PEREZ DIAZ:

1. Glock; Model 17; 9mm caliber pistol with S/N: WZN346
2. Glock; Model 17; 9mm caliber pistol with S/N: BDKR943
3. Glock; Model 17; 9mm caliber pistol with S/N: BDKR983
4. Glock; Model 17; 9mm caliber pistol with S/N: BDKR954
5. Glock; Model 17; 9mm caliber pistol with S/N: BDKR951
6. Glock; Model 17; 9mm caliber pistol with S/N: BDKR969
7. Glock; Model 17; 9mm caliber pistol with S/N: BDKR966
8. Glock; Model 17; 9mm caliber pistol with S/N: WZN335
9. Glock; Model 17; 9mm caliber pistol with S/N: BCHD442
10. Glock; Model 17; 9mm caliber pistol with S/N: BDKR974
11. Glock; Model 17; 9mm caliber pistol with S/N: WZN341
12. Glock; Model 17; 9mm caliber pistol with S/N: BCHK757
13. Glock; Model 17; 9mm caliber pistol with S/N: WZN344
14. Glock; Model 17; 9mm caliber pistol with S/N: BDFW557
15. Glock; Model 17; 9mm caliber pistol with S/N: BDKR937
16. Glock; Model 26; 9mm caliber pistol with S/N: BCLM707

Defendant's Initials                 27

17. Glock; Model 26; 9mm caliber pistol with S/N: BCLM709
18. Glock; Model 26; 9mm caliber pistol with S/N: BCLM711
19. Glock; Model 26; 9mm caliber pistol with S/N: BCLM714
20. Glock; Model 26; 9mm caliber pistol with S/N: BCYB775
21. Glock; Model 26; 9mm caliber pistol with S/N: BCYB777
22. Glock; Model 26; 9mm caliber pistol with S/N: TMR899
23. Glock; Model 26; 9mm caliber pistol with S/N:  BCYB774
24. Glock; Model 26; 9mm caliber pistol with S/N: TMR896
25. Glock; Model 26; 9mm caliber pistol with S/N: BCLM713

## November 21, 2023 Transaction

On November 20, 2023, VAZQUEZ texted PEREZ DIAZ that "he should be good today." PEREZ DIAZ responds "it's going to be all 40 glocks?" VAZQUEZ confirms "all of it" and directs PEREZ DIAZ to "lock it in."

PEREZ DIAZ then texts EASTON and states he will have the money for all 40 Glocks at 5PM tomorrow. Text messages indicate he sent EASTON a deposit of $2500.

| | | | | |
|---|---|---|---|---|
| 11/20/2023 | 20:24:17 | (689) 226-6716 | DERRICK PEREZ DIAZ | I can meet you after 5pm tomorrow if that's okay with you I will have the $$ complete for all 40 |
| 11/20/2023 | 20:25:33 | (689) 226-6716 | DERRICK PEREZ DIAZ | It's been rough lately but we back in motion and I apologize I have you stuck with all those Glocks bro |
| 11/20/2023 | 20:25:57 | (689) 226-6716 | DERRICK PEREZ DIAZ | Call me when you can |
| 11/20/2023 | 20:51:37 | (689) 226-6716 | DERRICK PEREZ DIAZ | Same Zelle? |
| 11/20/2023 | 20:52:36 | (352) 538-6077 | MATTHEW EASTON | ya thats good m8 |

At approximately 4:00PM, PEREZ DIAZ texted EASTON that he was on the way to pick up the firearms. PEREZ DIAZ arrives at 5615 SE US Highway 301 Hawthorne, FL 32640 at approximately 9:49PM.

Defendant's Initials _MR_                    28

| 11/21/2023 | 19:44:44 | (352) 538-6077 | MATTHEW EASTON | 5615 SE US Highway 301 Hawthorne, FL 32640 United States |
| 11/21/2023 | 19:45:11 | (352) 538-6077 | MATTHEW EASTON | how bout this one  I gotta go back and get my truck and then get back to hawthome. I shold be there by the time u get there |
| 11/21/2023 | 19:45:42 | (689) 226-6716 | DERRICK PEREZ DIAZ | 0.059722222 |
| 11/21/2023 | 19:45:43 | (352) 538-6077 | MATTHEW EASTON | gonna take me an hour and a half. my truck in stsrke |
| 11/21/2023 | 19:46:08 | (689) 226-6716 | DERRICK PEREZ DIAZ | Yea we get there at the same time |
| 11/21/2023 | 19:46:18 | (352) 538-6077 | MATTHEW EASTON | heck ya m8. sounds good! |
| 11/21/2023 | 21:26:32 | (352) 538-6077 | MATTHEW EASTON | alright bro. im out infront of mcdonalds here |
| 11/21/2023 | 21:28:55 | (689) 226-6716 | DERRICK PEREZ DIAZ | 20min out I had stopped to get a bathroom break and gas |
| 11/21/2023 | 21:29:01 | (689) 226-6716 | DERRICK PEREZ DIAZ | Almost there boss |
| 11/21/2023 | 21:49:44 | (689) 226-6716 | DERRICK PEREZ DIAZ | 9mm away |
| 11/21/2023 | 21:53:44 | (352) 538-6077 | MATTHEW EASTON | rog |

EASTON then sold the following firearms to PEREZ DIAZ:

1. Glock; Model 26; 9mm caliber pistol with S/N: BCLM705
2. Glock; Model 26; 9mm caliber pistol with S/N: BCLM706
3. Glock; Model 26; 9mm caliber pistol with S/N: BCLM710
4. Glock; Model 26; 9mm caliber pistol with S/N: BCLM712
5. Glock; Model 26; 9mm caliber pistol with S/N: BCYB778
6. Glock; Model 17; 9mm caliber pistol with S/N: BGTT048
7. Glock; Model 17; 9mm caliber pistol with S/N: BDKR948
8. Glock; Model 17; 9mm caliber pistol with S/N: BDKR935
9. Glock; Model 17; 9mm caliber pistol with S/N: BDKR976
10. Glock; Model 17; 9mm caliber pistol with S/N: BCHD449
11. Glock; Model 17; 9mm caliber pistol with S/N: BGMU174
12. Glock; Model 17; 9mm caliber pistol with S/N: BCHK750
13. Glock; Model 17; 9mm caliber pistol with S/N: BCHD446
14. Glock; Model 17; 9mm caliber pistol with S/N: WZN340
15. Glock; Model 17; 9mm caliber pistol with S/N: BDFW560
16. Glock; Model 17; 9mm caliber pistol with S/N: BGTT045
17. Glock; Model 17; 9mm caliber pistol with S/N: BDFW566
18. Glock; Model 17; 9mm caliber pistol with S/N: BDKR982
19. Glock; Model 17; 9mm caliber pistol with S/N: BDKR450
20. Glock; Model 17; 9mm caliber pistol with S/N: BDKR949
21. Glock; Model 17; 9mm caliber pistol with S/N: TXR104
22. Glock; Model 17; 9mm caliber pistol with S/N: BFUR244
23. Glock; Model 17; 9mm caliber pistol with S/N:  BDKR980
24. Glock; Model 17; 9mm caliber pistol with S/N: BDKR941
25. Glock; Model 17; 9mm caliber pistol with S/N: BDKR938
26. Glock; Model 17; 9mm caliber pistol with S/N: BDKR970
27. Glock; Model 17; 9mm caliber pistol with S/N: RSV617
28. Glock; Model 17; 9mm caliber pistol with S/N: WZN347
29. Glock; Model 17; 9mm caliber pistol with S/N: BDKR953

Defendant's Initials _MR_            29

30. Glock; Model 17; 9mm caliber pistol with S/N: BCHK758
31. Glock; Model 17; 9mm caliber pistol with S/N: PSS595
32. Glock; Model 17; 9mm caliber pistol with S/N: BDFW561
33. Glock; Model 17; 9mm caliber pistol with S/N: WZN343
34. Glock; Model 17; 9mm caliber pistol with S/N: BCHD448
35. Glock; Model 17; 9mm caliber pistol with S/N: BDKR940
36. Glock; Model 17; 9mm caliber pistol with S/N: BDKR977
37. Glock; Model 17; 9mm caliber pistol with S/N: RSV614
38. Glock; Model 17; 9mm caliber pistol with S/N: BDKR942
39. Glock; Model 17; 9mm caliber pistol with S/N: BGTT046
40. Glock; Model 17; 9mm caliber pistol with S/N: BCHD440

**December 2023 Transactions**

On December 2, 2023, EASTON sold the following firearms to PEREZ

DIAZ:

1. Century Arms, Model BFT 47, 7.62 caliber rifle with S/N: BFT4701843
2. Century Arms, Model BFT47, 7.62 caliber rifle with S/N: BFT4701884
3. Century Arms, Model WASR-10, 7.62 caliber rifle with S/N: ROA22B1-00091
4. Century Arms, Model RAS47, 7.62 caliber rifle with S/N: RAS47056888
5. Zastava, Model ZPAP M70, 7.62 caliber rifle with S/N: 270-093318

On December 9, 2023, EASTON sold the following firearms to PEREZ

DIAZ:

1. Century Arms, Model VSKA, 7.62 caliber rifle with S/N: SV7135229
2. Century Arms, Model VSKA, 7.62 caliber rifle with S/N: SV7141699
3. Century Arms, Model WASR-10, 7.62 caliber rifle with S/N: 22A1-93276
4. Palmetto State Armory, Model PSAK47, 7.62 caliber rifle with S/N: AKB049028
5. Pioneer Arms Corporation, Model Sporter, 7.62 caliber rifle with S/N: PAC23PL10862

Defendant's Initials                     30

6. Romarm/Cugir, Model Micro Draco, 7.62 caliber pistol with S/N: PMD11416-19RO
7. Romarm/Cugir, Model Draco, 7.62 caliber pistol with S/N: ROA21DG0205
8. Century Arms, Model VSKA, 7.62 caliber pistol with S/N: SV7P012792
9. Pioneer Arms Corporation, Model HELLPUP, 7.62 caliber pistol with S/N: PAC23PL19681
10. Pioneer Arms Corporation, Model HELLPUP, 7.62 caliber pistol with S/N: PAC23PL10387
11. Pioneer Arms Corporation, Model HELLPUP, 7.62 caliber pistol with S/N: PAC23PL10522